1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

MBELE LOURI LUCAS BEDOS,

CASE NO.  C07-1968-MJP-JPD

Petitioner,

11

12

v.

REPORT AND RECOMMENDATION

13

A. NEIL CLARK,

14

Respondent.

15

## I.  INTRODUCTION AND SUMMARY CONCLUSION

16

17

18

19

20

21

22

Petitioner Mbele Louri Lucas Bedos, proceeding pro se, has filed a Petition for Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting that the Court order respondent to
assist him in obtaining a travel document to Gabon so that he can voluntarily depart the United
States.  (Dkt. 8).  Respondent has filed a Return and Motion to Dismiss, arguing that
petitioner's request is unripe because the Board of Immigration Appeals has not yet issued its
decision and, therefore, his order of removal is not yet final.  (Dkt. 12).

23

24

Having carefully reviewed the entire record, I recommend that petitioner's habeas
petition (Dkt. 8) be DENIED and respondent's motion to dismiss (Dkt. 12) be GRANTED.

25

26

REPORT AND RECOMMENDATION
PAGE – 1

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Gabon, who entered the United States on January 25, 2004, as a nonimmigrant visitor for pleasure, with authorization to remain in the country until July 24, 2004.  (Dkt. 15 at L9).  On July 14, 2007, petitioner was apprehended by U.S. Customs and Border Protection agents after being discovered working aboard a fishing vessel near Juneau, Alaska.  (Dkt. 15 at L16, R9).  Petitioner was transferred to ICE custody and served with a Notice to Appear, charging him with removal from the United States for remaining in the country for a longer period of time than permitted, in violation of Section 237 of the Immigration and Nationality Act ("INA").  (Dkt. 15 at L8-9).  ICE advised petitioner of his administrative rights and set bond in the amount of $5,000.  (Dkt. 15 at L1-2).  Petitioner filed a motion for bond redetermination by an Immigration Judge ("IJ").  (Dkt. 15 at L12-14).

On October 2, 2007, an IJ heard petitioner's request for bond redetermination, and ordered that petitioner's bond remain at $5,000.  (Dkt. 15 at L19).  Petitioner waived appeal of the IJ's bond decision.  *Id.*  Petitioner has not posted bond and therefore remains in custody.

On October 23, 2007, the IJ denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, but granted him voluntary departure in lieu of removal by November 23, 2007, upon the posting of a voluntary departure bond in the amount of $5,000.  (Dkt. 15 at L67).  The order also contained an alternate order of removal to Gabon in the event that petitioner did not voluntarily depart as required.  *Id.*  The order indicates that petitioner waived appeal of the IJ's decision.  *Id.*  Nevertheless, on November 13, 2007, petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  (Dkt. 15 at L83, L79).  Petitioner's appeal remains pending with the BIA.

REPORT AND RECOMMENDATION
PAGE – 2

III.  DISCUSSION

A writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Singh v. Ashcroft*, 351 F.3d 435, 439 (9th Cir. 2003) ("The scope of habeas jurisdiction under 28 U.S.C. § 2241 is limited to claims that allege constitutional or statutory error in the removal process.").  Section 2243 provides, in part, as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless, it appears form the application that the application or person detained in not entitled thereto.

28 U.S.C. § 2243.  A federal district court may dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (citing Habeas Corpus Rule 4).

Here, petitioner is not challenging his detention pending removal as unconstitutional or in violation of any federal law.  Rather, petitioner brings this action seeking to compel the government to assist him in obtaining travel documents from the Consulate of Gabon so that he can voluntarily depart the United States.  (Dkts. 8, 16, 17, and 18).  As petitioner fails to state a cognizable claim for relief under § 2241, the Court lacks jurisdiction to review this action.

Even if the Court were to find that jurisdiction exists, petitioner still fails to demonstrate any basis for relief.  At the conclusion of removal proceedings, an Immigration Judge may permit an alien to voluntarily depart the United States in lieu of removal, if the Immigration Judge finds that:

> (A) the alien has been physically present in the United States for a period of at least one year immediately proceeding the date the notice to appear was served . . .

REPORT AND RECOMMENDATION
PAGE – 3

1    (B) the alien is, and has been, a person of good moral character for at least 5
2    years immediately preceding alien's application for voluntary departure;

3    (C) the alien is not deportable [for an aggravated felony or certain security
     related grounds]; and

4    (D) the alien has established by clear and convincing evidence that the alien has
5    the means to depart the United States and intends to do so.

6    INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1).  In addition, the voluntary departure regulations

7    specifically require an alien to post a voluntary departure bond of at least $500.  *See* INA §

8    240B(b)(3), 8 U.S.C. 1229c(b)(3); 8 C.F.R. § 1240.26(c)(3).  "The voluntary departure bond

9    shall be posted with the district director within 5 business days of the immigration judge's order

10   granting voluntary departure . . . " 8 C.F.R. § 1240.26(c)(3).

11   Here, the IJ granted petitioner voluntary departure at the conclusion of removal

12   proceedings upon the posting of a $5,000 bond.  However, petitioner did not post bond and

13   remains detained.  Although petitioner timely appealed the IJ's decision to the BIA, the statutory

14   requirement that a voluntary departure bond be posted within 5 days is not tolled by the filing of

15   an appeal with the BIA.  *See In re AM-*, 23 I & N Dec.737, 745, FN 8 (BIA 2005) (stating that

16   the timely filing of an appeal with the BIA tolls the voluntary departure period, but not the

17   statutory bond requirement).  Accordingly, it is unclear whether petitioner can still have the

18   benefit of his voluntary departure order.

19   Petitioner complains that the District Director has not assisted him in obtaining travel

20   documents for his voluntary departure to Gabon.  However, the District Director has no duty to

21   secure travel documents for an alien's voluntary departure.  Moreover, it appears that the real

22   impediment to petitioner's voluntary departure is his continued detention.  Even if respondent

23   assisted petitioner in obtaining a travel document, petitioner would be unable to voluntarily

24

25   REPORT AND RECOMMENDATION
26   PAGE – 4

depart because he has not paid the voluntary departure bond and remains detained.  Conversely,

if petitioner pays the voluntary departure bond, he would be able to obtain his travel document

from the Consulate of Gabon himself.  As petitioner fails to state a cognizable claim for relief

under § 2241, his habeas petition must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

and that this action be dismissed.  A proposed Order accompanies this Report and

Recommendation.

DATED this 21st day of April, 2008.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5